UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:08-CR-365-1BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| | ) | |
| JUAN MIGUEL GARCIA-SOTO, | ) | |
| Defendant | ) | |

This matter is before the court on the government's motion for summary judgment.

On 2 September 2009, the government filed a Consent Decree of Forfeiture. In the consent decree, the defendant, Juan Miguel Garcia-Soto, agreed and stipulated that the subject 2004 Porsche Cayenne was owned solely by him and that he "knowingly and voluntarily forfeited [it] to the United States of America." (9/2/09 Not.) On 8 September 2009, this court entered a Preliminary Order of Forfeiture as to the 2004 Porsche Cayenne pursuant to 21 U.S.C. § 853. Milly C. Fernandez, the petitioner, was served with a copy of this order on 13 February 2010. (3/24/10 Notice of Serv.) From 3 April 2010 to 2 May 2010, the government published notice of the forfeiture on www.forfeiture.gov. (5/17/10 Decl.)

On 30 April 2010, Fernandez filed a notarized letter claiming ownership of the vehicle. (4/30/10 Pet.) She is the only party to have filed a claim. Fernandez is a *pro se* claimant.

On 3 November 2010, the government filed a motion for summary judgment and entry of a final order of forfeiture based on Fernandez's failure to respond to requests for admissions. On 17 December 2010, the Clerk notified Fernandez of the government's motion for summary judgment and that a response in opposition to the motion must be filed on or before 10 January 2011. (12/17/10 Not.) She has not responded.

The standard for this court's evaluation of a motion for summary judgment is well established. Summary judgment is appropriate, and the court is required to grant it, "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on summary judgment, the court "must construe the facts in the light most favorable to the [non-movant]." Catawba Indian Tribe of S.C. v. City of Rockhill, S.C., 501 F.3d 368, 371 (4th Cir. 2007) (citations omitted). If the nonmoving party "fails to properly address [the moving] party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion . . . [or] grant summary judgment if the motion and supporting materials— including the facts considered undisputed— show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2), (3).

Title 21, United States Code, Section 881(a)(4), provides for the forfeiture of "[a]ll conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of" illegal controlled substances. Under 21 U.S.C. § 853(a)(1), "any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of" the trafficking of illegal controlled substances shall be forfeited to the United States. In order to overcome forfeiture, the petitioner must establish by a preponderance of the evidence that she "has a legal right, title, or interest in the property . . . [which] renders the forfeiture invalid . . . because [that] right . . . was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property." 21 U.S.C. § 853(n)(6)(A).

Based on Fernandez's failure to answer the requests for admission, the following facts

2

are uncontroverted. See Fed. R. Civ. P. 36(a)(3) (stating a matter is deemed admitted by a failure to respond within 30 days after being served); see also USRP (Gant 1), LLC v. Langston, No. 4:04-CV-143-D, 2006 WL 4681143, *2 (E.D.N.C. March 13, 2006) ("'A Rule 36 admission, even one obtained by the failure to timely respond to the request, can form the basis for summary judgment.'" (citations omitted)).

> 1. . . . the subject property, a 2004 Porsche Cayenne, was used in the transportation, sale, receipt, possession, or distribution of illegal controlled substances.
> 2. . . . the subject property, a 2004 Porsche Cayenne, was purchased with the proceeds of sale of illegal controlled substances.
> 3. . . . the subject property, a 2004 Porsche Cayenne, was used in the manner stated in . . . #1 with [Fernandez's] knowledge and consent.
> 4. . . . the subject property, a 2004 Porsche Cayenne, was purchased with drug proceeds with [Fernandez's] full knowledge and consent.

(Mem. Supp. Summ. J., Ex. C.) Considering this evidence, the court finds that the petitioner has failed to meet her burden under 21 U.S.C. § 853(n)(6).

Accordingly, the government's motion is ALLOWED, and the government is entitled to judgment as a matter of law on Fernandez's claim. The 2004 Porsche Cayenne listed in the 8 September 2009 Preliminary Order of Forfeiture is hereby forfeited to the United States. The United States Department of Homeland Security is directed to dispose of the subject 2004 Porsche Cayenne according to law.

This 7 February 2011.

_____
W. Earl Britt
Senior U.S. District Judge